IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEFFREY CARL GIDDINGS,

        Defendant.

No. 1:12-cr-00053-PA

**ORDER**

**PANNER, District Judge**:

Defendant Jeffrey Carl Giddings pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). Under the Armed Career Criminal Act (the ACCA), defendants convicted of being a felon in possession who have at least three prior convictions for serious drug offenses or violent felonies are subject to a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e). Because Defendant has two prior Oregon convictions for first-degree

1 - ORDER

burglary and one conviction for a drug crime, in 2012 he received the ACCA's mandatory minimum sentence.

Defendant now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, contending he is not subject to the ACCA's mandatory minimum because his convictions for first-degree burglary no longer qualify as violent felonies. The United States has waived any procedural barriers to the motion.

I grant Defendant's motion. The court will sent a date for resentencing Defendant.

## DISCUSSION

When Defendant was sentenced, binding Ninth Circuit authority held that a conviction for first-degree burglary under Oregon law qualified as a violent felony under the ACCA's "residual clause." *United States v. Mayer*, 560 F.3d 948, 958-63 (9th Cir. 2009). The ACCA's residual clause provides that a conviction qualifies as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). But last year the Supreme Court struck down the residual clause as unconstitutionally vague, effectively overruling *Mayer*'s holding on this issue. *United States v. Johnson*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015).

Now that *Mayer* no longer governs, the issue is whether convictions for first-degree burglary under Oregon law qualify as violent felonies under the enumerated crimes provision of the ACCA, which lists burglary among other crimes. 18 U.S.C. § 924(e)(2)(B)(ii) (violent felonies include "burglary, arson, or extortion, [or] involves use of explosives"). To determine whether Defendant's Oregon burglary convictions qualify as violent felonies, this court uses a categorical approach, comparing the elements of the Oregon burglary statute with the elements of

2 - ORDER

"generic burglary," the crime as commonly understood. *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013). For ACCA purposes, the Supreme Court defines "generic burglary" as an "unlawful or unprivileged entry into, or remaining in, *a building or structure* with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990) (emphasis added). Although the elements of the Oregon burglary statute appear to match the elements of generic burglary, Oregon defines "building" to encompass non-structures such as vehicles, boats, or aircraft. Or. Rev. Stat. § 164.205(1). The building element in the Oregon statute is a single, indivisible element, so a jury need not resolve whether the "building" involved in a burglary offense was a generic "building or structure," or a non-structure. *See United States v. Bayya*, No. 3:13-cr-00558-HZ, 2015 WL 8751795 at *3 (D. Or. Dec. 14, 2015).

Because of the mismatch of elements between the Oregon burglary statute and the generic crime, I join Judges Hernandez, McShane, and Aiken of this district in concluding that first-degree burglary under Oregon law is not generic burglary, and therefore a conviction under the Oregon statute cannot qualify as a violent felony under the ACCA. *See Bayya*; *United States v. Walsh*, No. 1:13-cr-00325-MC, ECF No. 59 (D. Or. Jan. 11, 2015); *United States v. Mayer*, No. 6:05-cr-60072-AA, ___ F. Supp. 3d ___, 2016 WL 520967 (D. Or. Feb. 2, 2016); *see also United States v. Snyder*, 5 F. Supp. 3d 1258, 1262-64 (D. Or. 2014) (second-degree burglary under Oregon law is not generic burglary, using similar analysis). Because Defendant does not have three qualifying predicate convictions, he is not subject to the ACCA's mandatory minimum sentence.

///

///

## CONCLUSION

Defendant's motion to set aside the judgment (#29) is granted. The court will set a hearing for resentencing.

IT IS SO ORDERED.

DATED this 29 day of February, 2016.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER